UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:25-cv-2799

DEREK CRISTWELL,

    Plaintiffs,

vs.

NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff Derek Cristwell ("Plaintiff"), by and through undersigned counsel, brings this action against the Defendant, NewRez LLC d/b/a Shellpoint Mortgage Servicing LLC ("Shellpoint" or "Defendant"), and in support allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under

Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and the respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA and Section 1024.36 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because the property (the "subject property") is located in Polk County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, the Defendant was and is a Delaware company duly licensed to transact business in the State of Florida.

8. At all times material hereto, Plaintiff owned and continues to own the subject property, which is in Polk County, Florida with an address of 2406 Avenue B NW, Winter Haven, Florida 33880-2242.

9. At some point in time prior to the violations alleged herein, the Defendant was hired to service a loan on the subject property.

10. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property.

11. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number XXXXX9718.

## BACKGROUND AND GENERAL ALLEGATIONS

12. Plaintiff was issued a loan secured by their home for what was intended to be his family's primary residence. Plaintiff executed a promissory note and second mortgage. It is this loan that is now being serviced by the Defendant.

13. Plaintiff was issued a Second Mortgage Loan by First Franklin, a Division of National City Bank, on December 28, 2006.

14. Recently, Plaintiff had questions regarding the lack of periodic mortgage statements from Defendant regarding the subject second mortgage,

additional information about the second mortgage, and requesting a reinstatement quote and payoff quote.

15. In the efforts to assist the Plaintiff, undersigned counsel sent a TILA Request and Request for Information under Regulation X ("RFI") to Defendant on July 24, 2025. A copy of the RFI is attached as Exhibit "A" to this Complaint.

16. Plaintiff will not detail every request in the RFI in the body of this Complaint but incorporates Exhibit "A" into the Complaint.

17. The RFI specifically sought information directly related to the lack of periodic mortgage statements from Defendant regarding the subject second mortgage, additional information about the second mortgage, and requesting a reinstatement quote and payoff quote.

18. Despite receiving the RFI on July 28, 2025, Defendant completely failed to respond.

19. Based solely on Defendant's failure to respond to the RFI that was received on July 28, 2025, Plaintiff's counsel sent a 10 Day Notice and Opportunity to Cure ("10 Day NOE") on September 11, 2025, reminding Defendant of their obligation to respond. A copy of the 10 Day NOE is attached as Exhibit "B" to this Complaint.

20. Defendant received the 10 Day NOE on September 15, 2025.

21. To date, Defendant has completely failed to respond to the RFI or the 10 Day NOE.

22. Without the explanations sought in the RFI, Plaintiff has no way of knowing whether Defendant violated RESPA by, among other things, failing to sent Plaintiff periodic mortgage statements.

23. The Defendant was required to provide a written response to Plaintiff's RFI within thirty business days, with the requested information included or a written statement that the "requested information is not available to the servicer" and the "basis for the servicer's determination." See 12 C.F.R. § 1024.36(d).

24. There is no question that Defendant received the RFI and that Defendant has yet to provide a compliant response or even any response whatsoever.

25. The 10 Day NOE provided the Defendant with an additional opportunity to comply with the law thus granting an extension without a request. However, Defendant has still failed to comply.

26. Despite Plaintiff's efforts, the Defendant has failed or refused to respond to the Plaintiff's RFI, contrary to 12 C.F.R. §1024.36(d)(2)(i)(B), in violation of RESPA.

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

27. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 7 through 26 against the Defendant.

28. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
>
> ****
>
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)

29. Section 1024.36 (Request for Information) of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

30. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

31. Defendant's failure to respond to the Request for Information is a violation of federal Regulation X.

32. Defendant has also failed to or refused to comply with 12 C.F.R. § 1024.36(d)(2)(i)(B) by not providing any written response to a request for information within the required timeframe.

33. As such, the Defendant has violated 12 U.S.C. § 2605(k)(1)(E) and the implementing regulations found at Regulation X.

34. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

35. Plaintiff has been injured in fact and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to Plaintiff and other consumers like them. The threshold of the Defendant's violations stems from the failure to provide the information requested in the Request for Information. These injuries are also in the form of postage costs for sending Exhibit "B", emotional distress damages due to living with the uncertainty of whether the counting interest being asserted and not getting mortgage statements for so long is lawful or not, the default related fees that are being accumulated on the loan, worrying about whether the family home will be lost to foreclosure and how the servicing discrepancy occurred in the first place, and for

wasting time having to consult with an attorney about Defendant's failure to respond.

36. Therefore, Plaintiff's injuries result in part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual.

37. Plaintiff is entitled to actual damages and nominal damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's 10 Day Notice (Exhibit "B") and (2) emotional distress . See Martinez v. Shellpoint Mortg. Servicing, No. 16-60026-CIV, 2016 WL 6600437 (S.D. Fla. Nov. 8, 2016); Porciello v. Bank of America, N.A., 2015 WL 899942 (M.D. Fla. 2015)(same); Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014)(finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment). Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing his property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address Plaintiff's concerns relating to his loan. See Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014) (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

38. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Derek Cristwell respectfully asks this Court to enter an order granting judgment for the following:

(a) That the Defendant be required to provide the totality of the information requested in Plaintiff's request for information with detail and specificity;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Derek Cristwell hereby demands a trial by jury of all issues so triable.

Dated: October 13, 2025

                                          Respectfully Submitted,

                                          */s/ Jennifer Simil*
Jennifer Simil, Esq.
FL Bar No.: 1018195
E-mail: jennifer@fight13.com
Loan Lawyers, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436

*Attorney for Plaintiff*

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esquire
FL Bar No.: 175821
E-mail: matthew@fight13.com
Loan Lawyers, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436

*Attorney for Plaintiff*

*/s/ Jessica Krassner*
Jessica Krassner, Esq., LL.M.
FL Bar No.: 1000355
E-mail: jessica@fight13.com
Loan Lawyers, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312

Telephone: (954) 523-4357
Facsimile: (954) 337-2436

***Attorney for Plaintiff***